UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYCE MATHEW,<br><br>               Plaintiff,<br><br>    -against-<br><br>THE WALT DISNEY COMPANY; TED ELLIOTT; TERRY ROSSIO; JASON SURRELL; MARTIN A. SKLAR; DISNEY ENTERPRISES, INC.; WALT DISNEY PICTURES (d/b/a BUENA VISTA MOTION PICTURES GROUP and THE WALT DISNEY STUDIOS, and f/k/a WALT DISNEY PICTURES AND TELEVISION); BUENA VISTA HOME ENTERTAINMENT, INC.; BUENA VISTA PICTURES DISTRIBUTION, INC.; BUENA VISTA TELEVISION, LLC (f/k/a BUENA VISTA TELEVISION); BUENA VISTA GAMES, INC.; FIRST MATE PRODUCTIONS, INC.; ABC, INC.; ABC ENTERPRISES, INC.; JERRY BRUCKHEIMER; JERRY BRUCKHEIMER, INC.; JERRY BRUCKHEIMER FILMS; and "JOHN DOES 1-50," WHOSE IDENTITY WILL BE ASCERTAINED DURING DISCOVERY TO INCLUDE ADDITIONAL PERSONS AND ENTITIES RESPONSIBLE FOR THE ALLEGED MISCONDUCT,<br><br>               Defendants. | ECF CASE<br><br>No. 13-cv-3930 (JGK)<br><br>**ORAL ARGUMENT REQUESTED** |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

                                                     HOGAN LOVELLS US LLP
                                                     Sanford M. Litvack
                                                     Scott W. Reynolds
                                                     875 Third Avenue
                                                     New York, New York 10022
                                                     Tel: (212) 918-3000
                                                     Fax: (212) 918-3100

                                                     *Attorneys for Defendants*

Defendants submit this Reply in support (a) of their motion to dismiss Mathew's Amended Complaint[1] pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and (b) the individual Defendants' motion to dismiss pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Mathew's opposition pretends (1) that Defendants' motion to dismiss based on the forum selection clause was filed only under Rule 12(b)(3), and not also under Rule 12(b)(6); (2) that the Court cannot transfer this case *sua sponte* pursuant to 28 U.S.C. § 1404(a) to the Central District of California as the parties previously agreed; and (3) that the issue of whether his claims are barred by the Release is to be decided on this motion by this Court. Mathew's wishful thinking aside, the basic issues presented remain clear and straightforward:

1. Where parties have agreed to a particular forum to resolve disputes arising out of or related to a prior release, may a party ignore that agreement and litigate such matters in another forum?

2. Is it sufficient simply to parrot the language of New York's C.P.L.R., without setting forth facts to support the assertion of personal jurisdiction and to establish proper venue?

The answer to both questions is patently "No."

## ARGUMENT

### I. MATHEW'S AMENDED COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6).

Mathew's entire first argument depends on a complete misreading of the Supreme Court's holding in *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the Western District of Texas*, No. 12-929, 571 U.S. __ (2013). According to Mathew, the Supreme Court held that "a motion seeking to transfer a federal case to another judicial district under 28 U.S.C. § 1404(a),

---

[1] Undefined terms in the Reply are defined in Defendants' moving briefs.

not a motion to dismiss under FRCP 12(b), is the *sole* legally authorized remedy" to dispose of an action filed in a judicial district in derogation of a mandatory forum selection provision. (Opp. at 7; emphasis added.) That is not what the Supreme Court held.

Although the Court ruled that a Rule 12(b)(3) motion is not the proper procedural mechanism to dispose of such a case, it expressly declined to rule on whether a 12(b)(6) motion is a proper mechanism.[2] In so doing, it left undisturbed the law in this Circuit upholding such Rule 12(b)(6) dismissals.[3] (slip op. at 10-11.) *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 475 (2d Cir. 2011) ("[W]e have affirmed judgments that enforced forum selection clauses by dismissing cases . . . for failure to state a claim under Rule 12(b)(6), *see Evolution Online Sys., Inc. v. Kononklijke PTT Nederland N.V.*, 145 F.3d 505, 508 n.6 (2d Cir. 1998)"); *Licensed Practical Nurses, Technicians and Health Care Workers of New York, Inc. v. Ulysses Cruises, Inc.*, 131 F. Supp. 2d 393, 409 (S.D.N.Y. 2000) (action brought in other than agreed forum can properly be dismissed for failure to state a claim).

Since, as shown in Defendants' moving briefs,[4] the Second Circuit's four-part test for determining whether to dismiss an action on the basis of a forum selection clause is plainly satisfied here, and since Rule 12(b)(6) remains a proper mechanism for effecting such a dismissal in this Circuit, Defendants' motion to dismiss should be granted.

---

[2] "An *amicus* before the Court argues that a defendant in a breach-of-contract action should be able to obtain dismissal under Rule 12(b)(6) if the plaintiff files suit in a district other than one specified in a valid forum-selection clause. *See* Brief for Stephen E. Sachs as *Amicus Curiae*. Petitioner, however, did not file a motion under Rule 12(b)(6), and the parties did not brief the Rule's application to this case at any stage of the litigation. We therefore will not consider it." *Atlantic Marine,.* at 10-11.

[3] *See Central New York Fair Business Ass'n v. Salazar*, No. 608–CV–660 (LEK/DEP), 2010 WL 786526, at *11 (N.D.N.Y. Mar. 1, 2010) (prior Second Circuit holding that the Supreme Court "explicitly declined to decide" remained undisturbed, even though Circuit court's decision was reversed on other grounds).

[4] *See id.* at pp. 8-10.

2

## II.   ALTERNATIVELY, THE COURT SHOULD TRANSFER THIS ACTION PURSUANT TO 28 U.S.C. § 1404(a).

Defendants did not move to transfer this action pursuant to § 1404(a) because, prior to the *Atlantic Marine* decision, Mathew would have improperly benefited by being able to export Second Circuit law to California. Recognizing this inequity, in *Atlantic Marine* the Supreme Court "reject[ed] the rule that the law of the court in which the plaintiff inappropriately filed suit should follow the case to the forum contractually selected by the parties," holding that post-transfer "the court in the contractually selected venue should *not* apply the law of the transferor venue to which the parties waived their right." Slip op. at 14-15 (emphasis added).

The Court went on to hold that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances *unrelated* to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 13 (emphasis added). This represents a departure from the typical section 1404(a) analysis, which takes account both "the convenience of the parties and witnesses" and "the interest of justice."[5] 28 U.S.C. § 1404(a).

Now, under the *Atlantic Marine* rule, "a district court [must] consider arguments about public-interest factors only." *Id.* at 14. Applied here, there can be no doubt that the public interest favors transfer. After all, Mathew agreed to litigate his claims in California and, "[i]n all but the most unusual cases . . . the 'interest of justice' is served by holding the parties to their bargain." *Id.* at 16.

Finally, although Defendants did not move to transfer (for the reason stated above), there is ample authority for the Court to *sua sponte* order transfer pursuant to Section

---

[5] Such a departure was warranted, the Court said, because when a plaintiff has agreed to a particular forum his later choice of a different forum "merits no weight." *Id.* at 13.

3

1404(a), even where the defendant has moved solely to dismiss.[6] *Person v. Google, Inc.*, 456 F. Supp. 2d 488, 497-98 (S.D.N.Y. 2006); *Lurie v. Norwegian Cruise Lines, Ltd.*, 305 F. Supp. 2d 352, 357 (S.D.N.Y. 2004); *Haskel v. FPR Registry, Inc.*, 862 F. Supp. 909, 916 (E.D.N.Y. 1994); *Lexington Inv. Co. v. Southwest Stainless, Inc.*, 697 F. Supp. 139 (S.D.N.Y. 1988).

### III.   THE FORUM SELECTION CLAUSE COVERS ALL MATHEW'S CLAIMS.

Mathew does not dispute that the forum selection clause in the Release was reasonably communicated, is mandatory and covers all of the parties at issue. Nor does he contend that there is any basis to rebut the presumption of enforceability accorded to a valid forum selection clause. He seems, however, to argue that the clause does not reach the subset of his claims that allege copyright infringement after the date of the Release. That argument is meritless. A court adjudicating any of Mathew's claims will have to determine at the outset whether they are barred by the Release. His claims therefore relate to the Release (as he implicitly concedes by seeking to void it), and the forum selection clause expressly requires that all such claims be heard in California.

In point of fact the very language Mathew quotes from the Release completely undermines his argument. The Release applies to "all claims, suits, or demands against Defendants, without limitation, that have arisen *or might arise* out of any fact or facts, whether known or unknown, that were in existence before the date hereof" and relinquishes all claims, including copyright claims, that "Plaintiff ever had, may have had, or now has, *or in the future may have* . . . arising from any act which has occurred at any time up to and including the date of execution of this Release and Waiver." The "facts" Mathew alleges in his Amended Complaint are that (1) in the 1980s and the 1990s he created certain original works (Am. Compl. ¶ 28), (2)

---

[6] Any other rule would invite additional unnecessary motion practice, burdening the parties and the courts. *Haskel*, 862 F. Supp. at 916 ("it is appropriate to consider the application of § 1404(a) analysis now rather than wait for defendant's inevitable motion to transfer").

"[f]rom 1991 through 1995" he provided the Disney Defendants with copies of those works (Am. Compl. ¶ 28), and (3) that he is damaged. These "facts" existed well prior to the Release, and conclusively reveal Mathew's fifth lawsuit as nothing more than his latest attempt to claim that Disney stole his ideas more than a decade ago and allegedly owes him money. Because Mathew's current claims are ones that, as of the date of the Release, "might [have] arise[n]" from facts that plainly existed at that time, they are well within the scope of the Release.

But even if there could be a serious dispute about the scope of the Release, that dispute is for the California court to adjudicate. The parties expressly agreed that "any dispute, claim, action or proceeding arising out of *or relating to this Release and Waiver*" would be litigated in California. That agreement must be honored. *Atlantic Marine,* slip op. at 15. *See also Cfirstclass Corp. v. SilverJet Plc*, 560 F. Supp. 2d 324, 329-30 (S.D.N.Y. 2008) (where the resolution of plaintiff's claims requires analysis of the parties' rights under an agreement, the claims relate to that agreement and are captured by its forum selection clause).

### IV. THE AMENDED COMPLAINT SHOULD BE DISMISSED AGAINST THE INDIVIDUAL DEFENDANTS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE.[7]

In their moving briefs Defendants demonstrated that Mathew failed to make the necessary *prima facie* showing that there is a basis for personal jurisdiction or venue with respect to the individual Defendants. *See CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986). In fact, Mathew's original complaint contained *no* real jurisdictional allegations, and his Amended Complaint does nothing to remedy that defect. Instead, it merely restates the language of New York's long-arm statute and adds no facts to support the claim. (Am. Compl. ¶¶ 6-9,

---

[7] Of course, should the Court dismiss or transfer this case, as Defendants urge, it need not decide these issues.

19.) This is plainly inadequate to avoid dismissal and Mathew's seven arguments to the contrary are meritless.

First, he contends the Amended Complaint alleges that each individual Defendant "participated in various actions" that "contributed" to Disney's alleged copyright infringement. (Opp. at 19.) As support he points to huge chunks of his Complaint (more than fifty paragraphs), but in none of those paragraphs does Mathew allege any *facts* to support jurisdiction. Those paragraphs are either absolutely irrelevant to personal jurisdiction or they are instances where Mathew has cut and pasted from the text of C.P.L.R. § 302. Quoting the C.P.L.R. does not constitute a *prima facie* showing of personal jurisdiction. *See, e.g., Jazini v. Nissan Motor Company, Ltd.*, 148 F.3d 181 (2d Cir. 1998) (affirming dismissal for lack of personal jurisdiction under the C.P.L.R. and denying jurisdictional discovery where jurisdictional allegations merely restated the legal standard without supporting facts).

Second, Mathew argues that by moving to dismiss pursuant to Rule 12(b)(6), as well as Rules 12(b)(2) and 12(b)(3), the individual Defendants *waived* their personal jurisdiction and venue defenses. (Opp. at 20-21.) If that were the law, no defendant could possibly join a Rule 12(b)(6) motion with a motion under Rules 12(b)(2) or 12(b)(3) -- *as Rule 12 requires* -- without simultaneously defeating his personal jurisdiction and venue motions. None of the cases Mathew cites supports that proposition,[8] because it simply is not the law.

---

[8] *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011) held that defendants waived their personal jurisdiction defenses when their attorney entered a general appearance on their behalf. *American Bureau of Shipping v. Tencara Shipyard S.P.A.*, 170 F.3d 349 (2d Cir. 1999) holds that a party that has agreed to arbitrate in New York is subject to personal jurisdiction in a case commenced in New York to compel arbitration. That situation has nothing to do with this case. *Mann v. Castiel*, 681 F.3d 368 (D.C. Cir. 1999) holds that a motion to stay an action does not waive objections to service of process.

6

Mathew's third, fourth, fifth and sixth arguments all amount to the same thing: the unsupported and unsupportable argument that the individual Defendants must submit sworn declarations to *refute* Mathew's bald assertions of personal jurisdiction. That is wrong. It is Mathew's burden in the first instance to allege facts sufficient to make a *prima facie* showing of personal jurisdiction. *CutCo Indus.*, 806 F.2d at 365. That he has utterly failed to do.

Mathew's last argument concedes his lack of jurisdictional facts by urging the Court to permit him to take jurisdictional discovery in a desperate effort to cure his defective pleading. That stands the law on its head. Without a threshold showing that there is a colorable claim of jurisdiction, there is no basis to justify a costly, time-consuming discovery exercise. *Nationwide Mut. Ins. Co. v. Morning Sun Bus Co.*, 10–CV–1777 (ADS)(AKT), 2011 WL 381612, at *10 (E.D.N.Y. Feb. 2, 2011) ("A plaintiff is not entitled to jurisdictional discovery simply to augment an inadequate pleading 'if the defendant merely challenges the legal sufficiency of the jurisdictional allegations in the complaint, and does not place the factual basis for personal jurisdiction in issue.'" (citation omitted)).

Finally, without any basis to exercise jurisdiction over them, no individual Defendant may be "found in" New York, and hence venue is improper as to each of them under 28 U.S.C. § 1400(a).

\\NY - 022031/000024 - 3016310 v2

## CONCLUSION

For the foregoing reasons this Court should dismiss Mathew's Amended Complaint or transfer this action to the Central District of California.

Dated:   New York, New York
         December 20, 2013

Respectfully submitted,

HOGAN LOVELLS US LLP


By: /s/ Sanford M. Litvack
    Sanford M. Litvack
    Scott W. Reynolds
875 Third Avenue
New York, New York 10022
Tel: (212) 918-3000

*Attorneys for Defendants*