LAW OFFICES OF MICHAEL B. WOLK, P.C.
570 Lexington Avenue, Sixteenth Floor
New York, New York 10022
Tel:     212-818-0400
Cell:    917-238-0576
Fax:     646-380-0123
Home Office Fax: 973-535-1148
Email:  michael.wolk@wolkgroup.com

December 20, 2013

**BY ECF**
The Honorable John G. Koeltl
United States District Judge
United States District Court for the
 Southern District of New York
500 Pearl Street
New York, New York 10007

     Re: Royce Mathew v. The Walt Disney Company, et al.
       13 CV 3930 (JGK)

     Application To Strike New Arguments Raised For
     The First Time Today In Defendants' Reply Brief

Your Honor:

I represent Plaintiff in the above-referenced action.  I respectfully submit this application to strike new arguments raised for the first time today in Defendants' reply brief.

Defendants' prior motion to dismiss briefs expressly abandon any potential "transfer" remedy in connection with their proffered interpretation of a disputed forum selection clause in a fraudulently procured settlement agreement.  See Docket No. 11, pp. 7-8 ("Defendants in this case seek dismissal rather than transfer, and for good reason." and "To deprive Defendants of the benefit of that bargain by transferring this action under Section 1404(a) would be unfair."), and fn. 14 on pp. 15-16 ("Here, the interests of justice would be thwarted, not served, were the case as against the Individual Defendants transferred rather than dismissed.").  See also Docket No. 18, p. 2 ("Defendants [ ] adopt and incorporate by reference herein all of the arguments made in their [prior] memorandum of law in support of their motion to dismiss. . . ").

However, in their reply brief today (pp. 3-4), Defendants raise new arguments seeking to "undo" and "disavow" their strategic litigation decision not to seek a "transfer."  Respectfully, pursuant to published decisions from Your Honor, the Court should strike and not consider these new arguments in Defendants' reply brief.  See *Cumis Ins. Society v. Citibank*, 921 F.Supp. 1100, 1110 n. 7 (S.D.N.Y. 1996) (JGK) ("Because this argument was raised for the first time in Citibank's reply brief, however, it is not a proper basis for

1

[relief]. . . "); *Chase Manhattan Bank, N.A. v. T&N Plc*, 905 F.Supp. 107, 122 n. 5 (S.D.N.Y. 1995) (JGK) ("Because this argument was not addressed in T&N's moving papers, Chase had no occasion or opportunity to respond to it.  Arguments for [relief] cannot be raised for the first time in reply briefs.  Therefore, the Court has not considered T&N's motion for [relief] on this basis.").

Tellingly, in their reply brief today (pp. 3-4), Defendants fail to cite a single case to support their eleventh hour attempt to raise new arguments, particularly under circumstances where Defendants abandoned such arguments in their prior briefs.

There is no "unfairness" in holding Defendants to their knowing, intentional and strategic litigation decision, as set forth in two prior briefs, solely seeking to dismiss this case (and abandoning a "transfer" remedy) in connection with their proffered interpretation of a disputed forum selection clause in a fraudulently procured settlement agreement.  Indeed, the existence and pendency of the Supreme Court Venue Case precedes the commencement of this action.  And, prior to the filing of Defendants' motion to dismiss the Amended Complaint, Plaintiff filed a motion seeking an interim stay of this action by virtue of the pendency of the Supreme Court Venue Case.  See Docket No. 15.

Accordingly, it is respectfully requested that the Court strike and not consider the new arguments from Defendants for an "alternative transfer" remedy.  As this Court has cogently observed:

> "[Plaintiff] has objected, in an April 16, 1996 letter to the Court, to [Defendant's] maintenance of this argument because she raised it for the first time in her reply memorandum, thereby depriving [Plaintiff] of a chance to respond to her position. . . The [argument] existed well before [Defendant] filed her initial memorandum, and the Court is aware of no reason for [Defendant's] manipulative omission of the argument from her first submission."

*Playboy Enters., Inc. v. Dumas*, 960 F.Supp. 710, 720 n. 7 (S.D.N.Y. 1997), *aff'd* 159 F.3d 1347 (2d Cir. 1998).[1]

                                                  Respectfully submitted,

                                                  /s/

                                                  Michael B. Wolk

cc: Defendants' counsel

---

[1] Defendants' improperly raised new arguments in their reply brief [pp. 3-4] also fail to refer the Court to a 2011 decision in which the Second Circuit declined to resolve a conflict among the district courts over whether a federal court has any *sua sponte* authority, under any circumstances, to convert a motion to dismiss into a motion to transfer.  See *TradeComet.com LLC v. Google, Inc.*, 647 F.3d 472, 479 & n. 9 (2d Cir. 2011).